UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

GREGORY JACOBS, SR.,                )        CASE NO. 4:05 CV 976
                                    )
          Plaintiff,                )        JUDGE PETER C. ECONOMUS
                                    )
     v.                             )
                                    )        MEMORANDUM OF OPINION
FEDERAL BUREAU OF PRISONS, et al.,  )        AND ORDER
                                    )
          Defendants.               )

On April 14, 2005, plaintiff pro se Gregory Jacobs, Sr. filed the above-captioned Bivens[1]

action against the United States Bureau of Prisons, Elkton Federal Correctional Institution ("FCI-Elkton")

Physician Ross Quinn, FCI-Elkton Acting Unit Manager J. Johnson, Unit Manager Earline Kinder, and

"All F.S.L. Employees."  (Compl. at 1.)   In the complaint, he alleges the defendants have been

deliberately indifferent to his serious medical needs.  He seeks compensatory and punitive damages.

### *Background*

Mr. Jacobs indicates he suffers from a number of medical conditions, including but not

---

[1]     Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

limited to a heart condition, diabetes, an infection in his left foot and swollen left leg.  He claims he has

suffered seven heart attacks and has undergone open heart surgery.  At the time of his sentencing in the

United States District Court for the Southern District of California, the court recommended that Mr.

Jacobs be housed at a Bureau of Prisons Medical Facility.  He contends that Mr. Jolly, the Pre-Sentence

Officer is in charge of the housing assignments and has not complied with this recommendation.  Instead,

Mr. Jacobs was sent to FCI-Elkton.

Mr. Jacobs claims he has repeatedly requested that FCI-Elkton staff transfer him to a

medical facility.  He claims he was told that staff is "working on it" or that "a transfer is not in the budget."

(Compl. at 4.)  He claims he needs open heart surgery and fears that he will not be able to obtain proper

medical care at FCI-Elkton.

*Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies

before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C.

§1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104

(6th Cir. 1988), cert. denied, 525 U.S. 833 (1998).  To establish that  he exhausted his remedies prior

to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his

administrative remedies with respect to each allegation against each defendant by attaching to the

complaint a copy of the applicable administrative dispositions or, in the absence of written documentation,

describing with specificity the administrative proceedings and their outcomes.  Knuckles-El v. Toombs,

215 F.3d 640, 642 (6th Cir. 2000).  The prisoner must exhaust each specific claim against each defendant

named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05

(6th Cir. 2001).  In the absence of such particularized averments concerning exhaustion, the action must be dismissed.  Id.

Moreover, the United States Sixth Circuit Court of Appeals recently adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005).  Under this rule, all of the claims in a complaint which are subject to the requirements of §1997e must be exhausted prior to filing the civil action, or the district court is required to dismiss the complaint in its entirety for failure to exhaust administrative remedies.  Bey, 407 F.3d at 806-07.  The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process.  Id.  A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims.  Id. at 808.

Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. Under this title, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13.  If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14.  If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15.  An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel.  28 C.F.R. § 542.15.  The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

There is no indication that Mr. Jacobs exhausted his administrative remedies with respect to the claims asserted in this complaint.  He attaches to the complaint a copy of a radiologic consultation form, a copy of a letter from the Unit Team Acting Manager to the warden indicating that Mr. Jacobs was being denied placement in a community corrections center "halfway house" because the medical department believed his medical problems were sufficiently serious to prevent him from fulfilling the work requirement of the program, and an Inmate Request for Informal Resolution form (B.P. 8.5) seeking reconsideration of the denial of his halfway house placement.  He does not include copies of grievance forms relevant to the issues presented in this action nor does he include allegations of exhaustion of administrative remedies in the body of the pleading.

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/Peter C. Economus - 7/20/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.